UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NANCY L.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C20-399-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). She contends the ALJ erroneously found fibromyalgia is a not a severe impairment, Dkt. 26 at 6, and her residual functional capacity ("RFC") is a "results-based" determination based upon "cherry-picking" the evidence. *Id.* at 11. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is currently 55 years old, has a high school diploma, and at the time of the hearing held by the ALJ in this case was working part-time as a cashier. Tr. 65-66, 340.

In December 2015 and February 2017, respectively, Plaintiff applied for DIB and SSI, alleging disability as of August 1, 2014. Tr. 311-12, 314-23. Her applications were denied

ORDER REVERSING THE COMMISSIONER'S FINAL - 1

1   initially and on reconsideration. Tr. 123-25, 128-38. The ALJ conducted four hearings in 2017

2   and 2018 (Tr. 36-95), and in January 2019 issued a decision finding Plaintiff not disabled. Tr. 9-

3   22. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the

4   Commissioner's final decision. Tr. 30-35.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff worked since her alleged onset date, but the work did not rise to the level of substantial gainful activity.

**Step two:** Plaintiff has the following severe impairments: depressive disorder, anxiety disorder, and substance abuse in remission.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**RFC:** Plaintiff can perform light work with additional limitations: she can frequently reach, handle, and finger. She can perform unskilled, repetitive, routine tasks in two-hour increments. She cannot have contact with the public. She can work in proximity to, but not in coordination with, co-workers. She can have occasional contact with supervisors. She can occasionally stoop and crouch. She can never squat, crawl, kneel, or climb ramps, stairs, ropes, ladders, or scaffolds. She will be off-task at work 9% of the time, but can still meet the minimum production requirements of the job. She will have five unscheduled absences from work per year.

**Step four:** Plaintiff cannot perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 9-22.

## DISCUSSION

**A.    The ALJ's Step Two Assessment of Fibromyalgia**

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

DECISION - 2

At step two, the ALJ found Plaintiff's records mentioned fibromyalgia but the condition is not medically determinable because her records do not substantiate the diagnosis in accordance with either of the diagnostic criteria set forth in Social Security Ruling ("SSR") 12-2p. Tr. 12-13.  The ALJ also found even if fibromyalgia had been properly substantiated, the condition is not severe because Plaintiff's pain was well-controlled with medication and the RFC assessment "accommodates [Plaintiff's] pain associated with [her] nonsevere fibromyalgia." Tr. 13.

At step two, Plaintiff must make a threshold showing (1) she has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c).  An impairment is medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. § 404.1508.  To be medically determinable, a physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings.  *Id.*  Symptoms are the claimant's own descriptions of his physical or mental impairment.  20 C.F.R. § 404.1528(a).  A claimant's statement of symptoms alone is not enough to establish a physical or mental impairment.  20 C.F.R. § 404.1508, 404.1528(a). Rather, evidence from an acceptable medical source is required to establish the existence of a medically determinable severe impairment.  20 C.F.R. § 404.1513(a).

An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(c), 404.1521(a).  Basic work activities refer to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).  "An

DECISION - 3

impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting SSR 85-28).

Here, the ALJ found the references in Plaintiff's medical records to fibromyalgia and an unknown number of tender points, without reference to excluding other causes for Plaintiff's symptoms, were insufficient to establish fibromyalgia is medically determinable in accordance with SSR 12-2p. Tr. 12-13. Plaintiff argues tender-point testing is not required for one of the sets of diagnostic criteria set forth in SSR 12-2p (Dkt. 26 at 8), but she fails to show she satisfies that set of criteria, because she identifies no evidence showing her treatment providers considered and excluded other disorders that could have caused her symptoms. *See* Dkt. 26 at 9. Thus, Plaintiff has not shown the ALJ erred in finding the record did not support a fibromyalgia diagnosis under either set of criteria set forth in SSR 12-2p, 2012 WL 3104869 (Jul. 25, 2012).

Plaintiff also suggests the ALJ further erred in finding, in the alternative, her fibromyalgia was not severe based upon evidence showing her pain was well-controlled, because fibromyalgia causes more than pain. Dkt. 26 at 6-7. Nonetheless, Plaintiff fails to show the ALJ overlooked evidence establishing other fibromyalgia symptoms not accounted for in the RFC determination. The ALJ discussed Plaintiff's alleged deficits in remembering, understanding, and concentrating (Tr. 13-14), and Plaintiff has not identified any other potential deficits linked to fibromyalgia that were not discussed by the ALJ. *See* Dkt. 26 at 9-11.

Accordingly, Plaintiff has not shown the ALJ erred at step two in finding fibromyalgia is not a medically determinable condition or in the alternative is not severe as the term is used at this step. Because the ALJ properly excluded fibromyalgia as a severe impairment, the Court

DECISION - 4

rejects Plaintiff's argument the RFC determination erroneously fails to include fibromyalgia symptoms.

**B.      Residual Functional Capacity Assessment**

In the RFC assessment, the ALJ found Plaintiff would be off-task 9% of the time and absent from work five times per year.  Tr. 15.  Plaintiff contends these limitations are random and arbitrary, and not supported by any specific medical evidence in the record.  Dkt. 26 at 12-13.  An RFC assessment describes the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record.  20 C.F.R. § 416.945(a)(1).  An RFC must include all of the claimant's functional limitations supported by the record.  The "final responsibility" for decision issues such as an individual's RFC "is reserved to the Commissioner."  20 C.F.R. §§ 416.927(d)(2), 416.946(c).  That responsibility includes "translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

Plaintiff is correct the ALJ's off-task and absenteeism limitations do not correspond directly to a particular medical opinion, but this does not automatically mean the ALJ harmfully erred if there is other relevant evidence supporting the ALJ's determination. Plaintiff contends the ALJ's finding is not supported by substantial evidence arguing the ALJ erred by not explaining the basis of his off-task and absenteeism findings, and the RFC decision is thus impermissibly results-oriented.  Dkt. 26 at 13.

In his decision, the ALJ supported the amount of time Plaintiff would be off-task by finding "the claimant was working as a part-time cashier at the time of the hearing. She described working three-and-a-half hour shifts. Thus, the undersigned finds the claimant capable of maintaining production at work while being off task at work nine percent of the time." TR. 14.

DECISION - 5

1  Plaintiff also testified that she took one ten-minute break after working two hours on her shift,
2  which is less than nine percent of her shift. Tr. 76. The Court thus cannot say the ALJ's finding is
3  unreasonable and affirms the ALJ's determination.
4       The ALJ supported his RFC determination that Plaintiff would miss work five times a
5  year on the grounds Plaintiff testified she "had called in sick five time since she started her most
6  recent cashiering job. The undersigned accommodated this frequency by providing a similar
7  number of absences above." Tr. 17. Substantial evidence does not support the ALJ's RFC
8  determination. The RFC determination accommodates a worker who "will have five unscheduled
9  absences from work a year." TR. 15. But Plaintiff did not testify she missed work five time in a
10 year. Instead, she testified she started the recent cashier position three months before the hearing,
11 and in those three months she missed work "five-plus" times and was late twice. Tr. 76. The ALJ
12 accepted Plaintiff's testimony as a measure of the number of days she would be absent from
13 work, and that testimony indicates she would be absent 20 plus days a year, not five. The ALJ's
14 finding Plaintiff has the RFC to perform work with five yearly absences is thus not supported by
15 substantial evidence and the ALJ accordingly erred.
16      The error is harmful because the vocational expert testified if Plaintiff was absent from
17 work five times a quarter, that Plaintiff "would put the person at risk of termination." Tr. 94.

## CONCLUSION

19      For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and
20 **REMANDS** the case for further proceedings under sentence four of 42 U.S.C. § 405(g). On
21 remand the ALJ shall reassess the RFC determination regarding the number of days Plaintiff
22 would be absent from work, develop the record and redetermine the RFC as needed and proceed
23 to the remaining steps as appropriate.

DECISION - 6

DATED this 25th day of January 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

DECISION - 7